## In re BONNER MALL PARTNERSHIP, Debtor.

### No. 91–00801–11.

United States Bankruptcy Court, D. Idaho.

Oct. 8, 1992.

See also 142 B.R. 911.

---

Ford Elsaesser, Elsaesser, Jarzabek, Buchanan & Dressel, Sandpoint, Idaho, for debtor.

Dale G. Higer, Stoel, Rives, Boley, Jones & Grey, Boise, Idaho, for U.S. Bancorp.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

U.S. Bancorp ("Bank") renews its motion for relief from the Section 362 automatic stay for cause based on lack of adequate protection, under the provisions of 11 U.S.C. § 362(d)(1).

■ Briefly restating the pertinent facts, the property is the Bonner Mall located in Bonner County, Idaho. The mall constitutes the paramount asset in this chapter 11 reorganization attempt. A previous order allowing the Bank relief from the automatic stay is now on appeal; however, even though a portion of the proceedings have been stayed pending the appeal, the Bank is entitled to consideration of its motion. If the Bank is not now adequately protected, the amount necessary to afford the Bank such adequate protection should be determined.[1]

The Bank is presently receiving all rents from the mall tenants. In the previous stay relief proceedings a finding was entered valuing the mall at $3.2 million. This, and other relevant findings of the previous hearings on the subject, will be considered in the resolution of the present adequate protection issue.

■ The central issues thus are whether the rents are sufficient to cover the expenses and necessary capital improvements accruing to the mall, and whether the mall is depreciating, and if so, the amount of the depreciation. If a shortfall of rent versus expenses occurs, or if the property is depreciating, such amounts would thus determine the necessary adequate protection to be furnished by the debtor to the Bank.

The Bank contends its projected budget for the remainder of 1992, and for 1993, indicates a potential shortfall. Two facts form the primary basis of the Bank's contention the property is depreciating. The Bonner County Assessor, for the 1992 assessment, has reduced the value of the mall some $630,000.00 from the 1991 assessed value; and the debtor is taking a depreciation factor as a deduction each year on its income tax return.

In contrast, the debtor's proposed budgets forecast a surplus of rents over expenses. The debtor presented evidence that the mall is not depreciating, through either economic or functional obsolescence, and that the reason for the reduced value was the fact the assessor determines value each year based primarily on the occupancy of the mall and the resulting accruing rent factor. In addition to these contentions,

---

1. Under the definition in 11 U.S.C. § 361(1) and (2), adequate protection is necessary to the extent the section 362 stay "... results in a decrease in the value of such entity's interest in such property."

the debtor offers to establish a reserve fund of $50,000.00 upon which the Bank could draw in the event a shortfall of rentals with which to pay expenses occurs, and would not object to affording the Bank a $10,000.00 per month adequate protection payment beginning in February of 1993 payable out of the rental income.

The debtor has the burden of proof in showing the existence of adequate protection. 11 U.S.C. § 362(g)(2). The debtor has satisfied this burden as far as the expense issue is concerned. No shortfall has yet occurred, considering even the extensive repairs made to portions of the roof of the mall. The analysis of Thomas H. Richardson and other witnesses of the debtor, including Mark Absec and Orville Barnes, concerning the projected income and expenses of the mall indicates a shortfall is not probable.

The debtor has further shown, through expert testimony, the lack of any economic obsolescence or depreciation.[2] It appears the annual valuation done by the assessor's office is, indeed, highly dependent upon the occupancy factor since such greatly influences the income factor upon which county assessors usually depend for their valuation of commercial property. The fact the debtor includes an annual depreciation factor for the mall in its income tax returns is further not conclusive the mall is actually depreciating, nor at what rate such depreciation might be occurring. The Bank has introduced no independent evidence on the depreciation issue, but argues for a finding the mall is depreciating at the rate of $630,000.00 per year based on the assessor's reduction in value, which position is not realistic.

Based on the testimony of debtor's witnesses, it is found the mall is not declining in value despite the lower value established by the Bonner County Assessor and the fact the debtor includes a depreciation factor in its annual tax returns. Neither fact is conclusive on the issue. While such facts are evidence of reduction in value, the positive evidence afforded by the testimony of the debtor's witnesses leads to the finding of no reduction at the present time.

It is thus concluded the Bank is adequately protected. The debtor will be required, however, to establish the $50,000.00 shortfall fund as offered. The order denying the motion for stay relief based on lack of adequate protection will be denied without prejudice to the Bank. A separate order will be entered.

Dated this 8th day of October, 1992.

---

**2.** Sometimes called "external" obsolescence, as opposed to functional obsolescence. *See, e.g.,* *In re Park Avenue Partners Limited Partnership,* 95 B.R. 605, 611 (Bankr.E.D.Wis.1988).